IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTHONY CURTIS VILA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 2:16-CV-974-WKW |
| STEVE WADLINGTON, *et al.*, | ) ) ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is before the court on a complaint filed by Plaintiff, an inmate incarcerated at the Montgomery County Detention Facility in Montgomery, Alabama, in which he challenges the conditions of his confinement during his incarceration at the Conecuh County Detention Center as well as matters associated with his criminal proceedings in the Circuit Court for Conecuh County, Alabama. Doc. 1. Upon review, the court finds this case should be transferred to the United States District Court for the Southern District of Alabama under 28 U.S.C. § 1404.[1]

**I. DISCUSSION**

A 42 U.S.C. § 1983 "civil action may be brought in (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal

---

[1] Plaintiff filed an application for leave to proceed *in forma pauperis*. Doc. 2. However, under the circumstances of this case, the court concludes that collection and assessment of any filing fee should be undertaken by the United States District Court for the Southern District of Alabama.

jurisdiction with respect to such action." 28 U.S.C. § 1391(b).  The law further provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought[.]" 28 U.S.C. § 1404(a).

The actions about which Plaintiff complains occurred in Conecuh County, Alabama, which is located within the jurisdiction of the United States District Court for the Southern District of Alabama.  Thus, the majority of material witnesses and evidence relevant to Plaintiff's allegations are located in the Southern District of Alabama.  In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties, this case should be transferred to the United States District Court for the Southern District of Alabama for review and determination.

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Southern District of Alabama for review and determination.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Southern District of Alabama under 28 U.S.C. § 1404.

It is further ORDERED that **on or before March 30, 2017**, Plaintiff may file an objection to the Recommendation.  Any objection must specifically identify the findings in the Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  Plaintiff is advised this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of

factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    DONE on this 16th day of March, 2017.

                                     /s/ Gray M. Borden
                                       UNITED STATES MAGISTRATE JUDGE